UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ DEC 0 8 2005 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA )
) No. 04-CR-156 (JBW)
)
v. ) MEMORANDUM AND ORDER
)
HUMBERTO PEPIN TAVERAS, )
)
Defendant. )
)

JACK B. WEINSTEIN, Senior District Judge:

## I. Introduction

In this capital prosecution, defendant moves to strike Count Two of the Third Superseding Indictment ("the indictment") on the grounds that it violates the Ex Post Facto Clause of the United States Constitution. He argues that, since the death penalty statute under which he is charged did not exist at the time of the alleged murder, he cannot be prosecuted on this count. The government opposes, contending that, since the charged crime is composed of both an underlying conspiracy and a murder, the crime was ongoing even after the killing for as long as the conspiracy existed. It is undisputed that the murder occurred before the enactment of the statute at issue and that the alleged conspiracy continued after the enactment of the statute.

For the reasons indicated below, the motion is granted. It should be noted that the indictment charges defendant with another capital crime for the same killing under a slightly different theory. *See* Third Sup. Ind. 1. That count is not challenged.



## II. Facts

The government has alleged that, as part of a conspiracy to deal in narcotics, defendant lured Jose Rosario to defendant's apartment with the intention of killing him and then shot him several times. *See* Gov't. Response to Def.'s Mot. to Strike Death Notice 1-2 (Docket No. 47). Count Two of the indictment charges defendant with the firearm-related murder of Rosario, a capital crime. The charge reads as follows:

> On or about September 17, 1992, within the Southern District of
> New York, the defendant HUMBERTO PEPIN TAVERAS,
> known as 'Tony' and 'Luis Rosario,' in the course of a violation of
> Title 18, United States Code, Section 924(c), to wit: knowingly and
> intentionally using and carrying a firearm during and in relation to
> a drug trafficking crime, and knowingly and intentionally
> possessing a firearm in furtherance of said drug trafficking crime,
> did knowingly and intentionally cause the death of a person
> through the use of a firearm, which killing is a murder as defined in
> Title 18, United States Code, Section 1111(a), in that the
> defendant, with malice aforethought, did unlawfully kill Jose
> Rosario, also known as 'Barrigita,' willfully, deliberately,
> maliciously and with premeditation.

Third Sup. Ind. 2.

While the charge does not mention a conspiracy, the government has treated it as if it does. *See* Gov't. Resp. to Def.'s Mot. 1 (Docket No. 93) ("Count Two charges Pepin, under Section 924(j), with using a firearm to kill Jose Rosario in 1992 in furtherance of a drug conspiracy."). Defense counsel asserts that this count charges only a crime of violence, not a drug trafficking crime. *See* Def.'s Reply 3 (Docket No. 95) ("[T]he count as charged[] is a crime of violence under § 924(c), and not a drug trafficking crime. Count 1 is the drug trafficking crime.").

2

At oral argument, the government analyzed Count Two as charging a murder during a drug conspiracy:

> MR. FREEDMAN: . . . The issue is that Mr. Pepin is charged not with just a murder but with the murder in furtherance of a drug conspiracy.
>
> . . .
>
> [T]he murder permitted the conspiracy to continue as a necessary fact.
>
> . . .
>
> [T]he murder is what presumably Congress relied upon and chose to make this a capital crime. In ex post facto analysis there is nothing that says that you look at one element over another element in terms of deciding whether or not there is an ex post facto violation.
>
> Here the defendant hadn't stopped his conspiracy before the enactment of the [statute]. The conspiracy couldn't have continued but for the murder.

Tr. of Dec. 1, 2005 13:7-9, 14:12-20 ("Tr."). Defendant did not object to the government's characterization of the charge.

For the purposes of defendant's *ex post facto* challenge, the court assumes that Count Two of the indictment validly charges an underlying drug conspiracy.

### III. Law

Clause 3 of Section 9 of Article I of the United States Constitution declares, "No Bill of Attainder or ex post facto Law shall be passed." This prohibition includes "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798); *see also, e.g., Dobbert v. Florida*, 432 U.S. 282, 292, 97 S. Ct. 2290, 2298 (1977) ("It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute . . . which makes more

3

burdensome the punishment for a crime, after its commission . . . is prohibited as ex post facto."
(citing *Beazell v. Ohio*, 269 U.S. 167, 169-170, 46 S.Ct. 68, 68 (1925)). Even statutory revival of a criminal prosecution after the statute of limitations has expired threatens the harm of distraction of quietude *ex post facto* rules protect against. *Stogner v. California*, 539 U.S. 607, 123 S. Ct. 2446 (2003).

Some of the parties' confusion can be attributed to the many layers of the statute under which defendant is charged. It reads as follows:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—(1) if the killing is a murder (as defined in section 1111), be punished *by death* or by imprisonment for any term of years or for life . . .

18 U.S.C. § 924(j)(1) (emphasis supplied). Section 1111 of Title 18 defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a).

The reference in section 924(j)(1) to "subsection (c)" is to section 924(c), which provides punishment for "any person who, during and in relation to any crime of violence or *drug trafficking crime* . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(a) (emphasis supplied).

The term "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. §924(c)(2). The government has alleged that defendant participated in a drug trafficking crime, to wit: a conspiracy to distribute and possess with intent to distribute cocaine and heroin. *See* Gov't. Resp. to Def.'s Mot. 1; Gov't. Response to Def.'s Mot. to Strike Death Notice 2; *see also* 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 963.

4

In sum, for purposes of this motion, Count Two of the indictment is treated as one pursuant to section 924(j)(1) of Title 18—as a capital charge against defendant for killing Rosario with malice aforethought using a firearm in the course of a conspiracy to distribute drugs.

The murder of Rosario occurred on or about September 17, 1992. Third Sup. Ind. 2. Section 924(j)(1) was added, under a different heading, to Title 18 by the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 60013 (1994). Before enactment of the statute, the crime defendant is charged with committing in Count Two would have been punishable under Title 18 by a term of imprisonment only.

Citing recent precedent from the Court of Appeals for the Eighth Circuit, the government contends that the duration of the underlying drug conspiracy should determine the date the criminal conduct was completed. *See United States v. Cuervo*, 354 F.3d 969, 991-2 (8th Cir.), *cert. denied*, 125 S. Ct. 199 (2004), *vac'd on other grounds sub nom. Norman v. United States*, 125 S. Ct. 1049 (2005). According to this argument, the two elements of firearm-related murder under section 924(j)(1)—murder with a firearm and the underlying drug trafficking crime—are equally vital in determining the duration of the offense and must be conjoined contemporaneously. Had defendant discontinued his alleged drug conspiracy at any point before the passage of the 1994 act, the government concedes, he would not have been subject to its provisions. Because he continued his drug conspiracy beyond the date of the new statute, the government avers, he can be prosecuted for both the conspiracy and the 1992 murder together—now a capital offense.

The *Cuervo* court, in a brief analysis, relied upon a United States Supreme Court case on venue, *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281-2, 119 S. Ct. 1239, 1243-4 (1999) (kidnaping continued until victim was released), for a ruling on an *ex post facto* challenge to an indictment. *Rodriguez-Moreno* had held that venue was proper, on a charge of using a firearm in furtherance of a kidnaping, in any place where the underlying kidnaping took place. *See id.*

The Supreme Court did not suggest that the case had anything to do with a "new" statute or with retroactive applicability, making the Eighth Circuit reliance on it for *ex post facto* analysis puzzling. Nevertheless, the Court of Appeals for the Eighth Circuit applied the "tenets" of *Rodriguez-Moreno* to hold that two defendants who had possessed firearms in furtherance of a drug conspiracy could be tried, even though the law criminalizing possession had not taken effect until after the defendants had ceased to possess the weapons, because the underlying drug conspiracy offense "continued to occur until the end of the conspiracy." *United States v. Cuervo*, 354 F.2d at 992.

## IV. Application of Law to Facts

The government's argument is unpersuasive. *Cuervo* should not be applied in the present case. An *ex post facto* challenge relies upon a fundamental protection afforded a criminal defendant, viz., the right to be on fair notice of the consequences of his actions *before* he acts. In a case such as the present one, that refuge is unbreachable.

Defendant's alleged drug conspiracy became a capital offense because of the concurrent murder. The coincidence of the murder and the drug conspiracy is critical for *ex post facto* analysis. The crime was completed when the murder was committed during the conspiracy.

6

## V. Conclusion

Defendant's motion to strike Count Two of the indictment charging the firearm-related murder of Jose Rosario during the course of a drug conspiracy is granted.

SO ORDERED.

_____<br>Jack B. Weinstein

Dated: December 6, 2005
       Brooklyn, New York